IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROSIE L. DAVIS, ET AL                                    PLAINTIFFS

VS.                    No. 88-4082

WILLIAM DALE FRANKS, ET AL                               DEFENDANTS

ORDER

This matter came on for hearing before the Court on September 15, 1988, on Plaintiffs' Motion for Preliminary Injunction. On that date, the Court denied the Motion in an oral opinion and written Order and directed further proceedings. Thereafter, the parties advised the Court that further hearings were unnecessary, in that they had reached an out-of-court resolution of their differences on the voting rights issues, subject to Court approval. The parties have now presented their "Stipulation" to the Court for resolution of the voting rights issues for its consideration and approval. The "Stipulation" provides the following:

(a) An acknowledgment that although the Defendant/School District does not concede a violation of the Voting Rights Act by the use of an at-large voting system, that they have reached a compromise settlement of those issues with the Plaintiffs;

(b) an acknowledgment that the present at-large system of electing school board members has not allowed black citizens of the district to obtain representation on the school board;

(c) black voters exist in sufficient numbers and live in geographically contiguous areas so that one or more majority black voting districts can be created;

(d) two alternative redistricting plans can be and have been developed, each of which allows for the creation of three majority black (57%) districts out of a total of eight districts;

(e) either of the two redistricting plans would be an acceptable remedy to the parties to replace the present plan. Plan One allows for three multi member districts, one of which would be 57% black, while Plan Two allows for eight single member districts, three of which would each be approximately 57% black. All eight districts would have approximately the same number of residents, 2,000;

(f) the Court is requested to approve the settlement and make its choice of plans to be implemented within the school district;

The Court is satisfied, as the Stipulation requests, that the settlement is appropriate under the circumstances and should be ordered. It is, therefore, the ORDER, JUDGMENT and DECREE of the Court as follows:

(1)  That the present at-large system for electing school board members in the Hope School District Number One is dissolved, and the Defendants will discontinue the system of electing school board members by the use of the present at-large system;

(2)  that the Defendants are directed to use Plan 2, in the future for the election of school board members;

(3)  that the Defendants are further directed to take the appropriate action for the holding of an election pursuant to Plan 2, not later than April 25, 1989, or as soon thereafter as the voter registration/election process can be accomplished;

(4)  that the Defendants are further directed that the terms of office shall be staggered in the manner provided by the Stipulation, and that there shall be only one school election for electing school board members in the Hope School District Number One during 1989; further elections shall be conducted at the time and in the manner prescribed by Arkansas state law, except as provided by this Order;

(5)  that the Defendants are further directed that in making future reapportionment divisions of the school district, they recognize the force and effect of the agreement herein, i.e., that a plan remain in effect which maximizes the opportunity for black voters to select a proportional number of representatives of their choice;

(6) that the Judgment, Order and Decree herein extends to the Defendants, their agents, employees, successors and any and all persons acting in concert with the Defendants;

This Order resolves only the voting rights issues before the Court. Other issues raised by the lawsuit are preserved, pendente lite. If the Plaintiffs desire to file an application for fees and expenses, they are directed to do so within twenty-one (21) days from the date of this Order. If the Defendants choose to oppose the application, they may have fourteen (14) days in which to respond. Plaintiffs may have five (5) additional days for reply thereto.

The Order herein shall otherwise have immediate effect.

_____
U. S. DISTRICT JUDGE

DATE: March 30, 1989

APPROVED AS TO FORM

_____
DAN F. BUFFORD, Attorney for
Defendants

_____
JOHN W. WALKER, Attorney for
Plaintiffs

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
F I L E D

APR 03 1989

CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

795D

-4-