U.S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED
JUN 21 1989
CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROSIE L. DAVIS, et. al.                              PLAINTIFFS

vs.                      Civil No. 88-4082

WILLIAM DALE FRANKS, et. al.                         DEFENDANTS

MEMORANDUM OPINION

I. Facts

The instant case was brought by various black plaintiffs against various officials and organizations in the Hope, Arkansas public school system. In their complaint, plaintiffs alleged that defendants discriminated against black staff and students, and that Hope's at-large system of electing school board members violated the Voting Rights Act, 42 U.S.C. § 1973 (1982). On September 13, 1988, plaintiffs moved to enjoin Hope's school board election. Plaintiffs' motion was denied on September 15, 1988.

The parties recently settled plaintiffs' voting rights claim, and on April 3, 1989, the court filed a settlement order mandating single-member school board districts. The remaining claims have not been resolved, and will soon be set for trial.

On April 20, 1989, two of plaintiffs' attorneys, John Walker and Simmons Smith, filed separate motions for attorneys' fees

pursuant to 42 U.S.C. § 19731(e),[1] which allows reasonable attorneys' fees in cases under the Voting Rights Act. On May 8, 1989, defendants objected to the motions. For the reasons stated below, the motions will be granted, but plaintiffs' fees will be reduced.

II. Analysis

Defendants objected to the motion on the grounds that (1) plaintiffs are not entitled to attorneys' fees at all because defendants demonstrated exceptional good faith; (2) plaintiffs could have obtained the relief sought without litigation; (3) plaintiffs should not be awarded fees for time spent on the unsuccessful motion for a preliminary injunction; (4) the hours itemized by plaintiffs for drafting and reviewing the complaint, and for drafting a set of interrogatories are excessive; (5) Smith and David Parker (an associate of Walker) duplicated Walker's efforts, and certain of their itemizations should therefore be disallowed; (6) Walker and Smith's proposed hourly rates are excessive; (7) Walker's proposed "contingency fee multiplier" is excessive.

A. "Exceptional Good Faith"

Attorneys' fees may be denied where "special circumstances ... render an award of attorney's fees unjust." Zephier v.

---

[1] Walker's motion also requested compensation for work done by David Parker (an associate at Walker's firm) and Jackie Phillips (a paralegal at Walker's firm).

Pierce, 714 F. 2d 856, 859 (8th Cir. 1983).2/ Defendants argue that such "special circumstances" exist "where the Defendants have demonstrated exceptional good faith." (DB 2).3/

Defendants admit that "normal good faith will not generally defeat an entitlement to attorneys' fees ..." (DB 2) but claim that exceptional good faith will defeat such entitlement. No case, however, has been found which uses the term "exceptional good faith" in this context. Thus, defendants' "good faith" argument will be addressed under the general "special circumstances" rule.

Defendants argue that the relevant "special circumstances" are (1) the fact that the at-large election system had existed long before the Voting Rights Act (DB 2), (2) defendants' ignorance of the law (DB 2), and (3) the fact that defendants settled quickly (DB 4, 11). None of these justifications is adequate to bar a fee award in this case. If long-standing discrimination and ignorance of the law were sufficient to preclude a fee award, Voting Rights Act plaintiffs would never be awarded attorneys' fees. Furthermore, it is well-settled that plaintiffs may be awarded attorneys' fees where they have

---

2/ This case, and most cases cited below, was decided under 42 U.S.C. § 1988 rather than under § 19731(e). It is well-settled, however, that § 1988 and other fee-shifting statutes were "patterned upon" § 19731(e). Hanrahan v. Hampton, 446 U.S. 754, 758 n.4 (1980). Thus, cases applying such statutes are on point.

3/ DB = Defendants' Brief

obtained a favorable settlement, M. Schwartz & J. Kirklin, <u>Section 1983 Litigation: Claims, Defenses and Fees</u> § 15.12 (1986), even if defendants moved with dispatch. <u>See</u> <u>Ark. Community Organizations For Reform Now v. Ark. State Bd. of Optometry</u>, 468 F. Supp. 1254, 1257 (E.D. Ark. 1979) (after Supreme Court decided case on point, defendants quickly settled; attorneys' fees nevertheless granted).

Defendants cite numerous cases for the proposition that an "exceptional good faith" exception in fact exists. Although some of these cases mentioned good faith as a factor, all involved other special circumstances not present in this case. <u>See</u> <u>Rose v. State of Nebraska</u>, 748 F. 2d 1256, 1258 (8th Cir.), <u>cert. denied</u>, 474 U.S. 1014 (1985) (fees denied where other defendants had "a much more direct connection ..." with violations). <u>Zephier v. Pierce</u>, 714 F. 2d at 859-60 (fees denied where defendants <u>pro se</u> for much of the case and reasonably believed that only injunctive relief sought); <u>Chastang v. Flynn and Emrich Co.</u>, 541 F. 2d 1040, 1045-46 (4th Cir. 1976) (fees denied where defendant unable to unilaterally cure violations); <u>Durrett v. Cohen</u>, 790 F. 2d 360, 363 (3rd Cir. 1986) (fees denied where plaintiff "obtained the majority of his relief from ... a nonparty to the lawsuit.") Accordingly, the court finds that defendants' good faith does not bar a fee award.

B. <u>Was Litigation A Necessity?</u>

Defendants further argue that no fees should be awarded because "there is no showing that the settlement or change could

-4-

not have been made without the need for filing of a federal lawsuit." (DB 5-6). Indeed, defendants claim that the voting rights issue in fact could have been settled before plaintiffs filed suit, but that plaintiffs prevented settlement by demanding a "package deal" addressing all their claims (DB 3).

Under defendants' view of the law, it is not enough for plaintiffs to prove a causal connection between their lawsuit and the relief requested. Plaintiffs must also prove that they could not have prevailed without filing suit.

The Eighth Circuit's decision in Williams v. Miller, 620 F. 2d 199 (8th Cir. 1980) is on point. In Williams, plaintiffs requested attorneys' fees under both 42 U.S.C. § 1988 (a statute patterned after § 19731) and 20 U.S.C. § 1617 (Repealed 1978), a fee-shifting statute which explicitly required that plaintiffs' lawsuit must have been "necessary to bring about compliance...." Williams, 620 F. 2d at 201 n.2.

Because plaintiffs had not shown that their lawsuit was necessary, the fee petition under § 1617 was dismissed. Under defendants' view of the law, the § 1988 petition should have been dismissed as well. Instead, the court held that plaintiffs "may be entitled to an award under § 1988," id. at 203, and remanded to the district court for a determination of whether special circumstances barred an award of fees.

Although Williams does not explicitly state that plaintiffs are entitled to fees under § 1988 even if they could have

prevailed without filing suit, the court's decision to remand the case certainly implies such a rule. See also Keyes v. School Dist. No. 1, Denver, Colo., 439 F. Supp. 393, 401 (D. Colo. 1977) ("[t]o support an award under 20 U.S.C. § 1617, it must be demonstrated that proceedings were necessary to bring about compliance with the law. No such finding is needed when awarding fees under 42 U.S.C. § 1988.") (dictum).

It could be argued, however, that Fast v. School Dist. of City of Ladue, 728 F. 2d 1030 (8th Cir. 1984) endorses defendants' proposed rule. In Fast, the court held that plaintiff was a "prevailing party" within the meaning of § 1988, "and that the District Court should have made an award of attorneys' fees and costs under 42 U.S.C. § 1988." Id. at 1035. The court then remanded the case to district court to determine the amount of fees. The court held that on remand, a fee award should ordinarily be made at the lodestar rate, but added that "other circumstances must be considered as well. It is open to defendants to argue that it was not necessary for plaintiff to file suit at all to obtain the relief she ultimately got." Id. Viewed in isolation, the last sentence quoted might appear to hold that fees may not be awarded if plaintiff could have prevailed without litigation.

The court nevertheless finds that Fast does not contradict Williams, for two reasons. First, the statement quoted was part of a broader discussion of the issues the district court could consider in considering the amount of fees. Earlier in the

opinion, the court had made it quite clear that regardless of such factors, "the District Court should have made an award of attorneys' fees...." Id. Thus, under Fast the alleged necessity (or lack thereof) of litigation may be used only to reduce a fee award rather than to deny it entirely.[4]

Furthermore, the sentence in Fast discussing the necessity of litigation was dictum. The court could easily have remanded for determination of the fee amount without discussing the various circumstances requiring adjustment of the fee award above or below the lodestar amount. Accordingly, the court finds that Williams is controlling, and that a fee award is appropriate.

C. Is Time Spent On The Preliminary Injunction Motion Compensable?

Defendants argue that even if plaintiffs are entitled to attorneys' fees generally, all fees related to plaintiffs' motion for a preliminary injunction should be disallowed because plaintiffs were not a "prevailing party" as to the preliminary injunction issue.

The motion for a preliminary injunction, however, was not itself a substantive claim, but was instead an unsuccessful motion relating to an ultimately successful substantive claim.

---

[4] The court will not, however, consider this issue in setting the amount of fees because (1) neither defendants nor any case following Fast suggest how fees should be adjusted to compensate for the "necessity factor" and (2) the relevant sentence in Fast is dictum.

The case most closely on point is Skomorucha v. Wilmington Housing Authority, 518 F. Supp. 657 (D. Del. 1981). In Skomorucha, as in this case, plaintiff's motion for a preliminary injunction was denied, but he prevailed at trial. Id. at 658. After trial, defendants argued that fees for time spent on the motion should have been disallowed, because plaintiff had not prevailed on the motion. The court held that time spent on unsuccessful motions could be compensated if such time was "reasonably supportive of plaintiff's successful claims...." Id. The court further held that the time at issue was in fact supportive of plaintiff's success at trial, because "the time spent in preparation for the hearing reduced the time required for trial preparation on these claims ... [and] the testimony elicited by plaintiff's attorneys at the hearing was, in the court's view, critical to plaintiff's success at trial." Id.

By contrast, attorneys' fees for time spent on unsuccessful motions has been denied where such motions were unrelated to plaintiffs' ultimate success. See Jordan v. Allain, 619 F. Supp. 98, 109 (D. Miss. 1985) (where plaintiffs prevailed on appeal, fees denied as to unsuccessful motion to stay district court judgment pending appeal); Hild v. Bruner, 496 F. Supp. 93, 96 (D. N.J. 1980) (where plaintiffs prevailed in a § 1983 suit for injuries in the course of arrest, fees denied as to unsuccessful motion to enjoin defendants from harassing plaintiffs while lawsuit pending).

-8-

In this case, plaintiffs' motion for a preliminary injunction was clearly related to their ultimate success. Although the motion for a preliminary injunction was denied, the facts adduced at the preliminary injunction hearing showed that plaintiffs had a substantial likelihood of prevailing on the merits, and thus facilitated settlement. Accordingly, the court finds that as in Skomorucha, plaintiffs' unsuccessful motion was "reasonably supportive of plaintiffs' successful claims," and will therefore allow fees for time spent on that motion.

D. Excessive Hours

Defendants challenge Walker's itemization of eight hours to draft a complaint and 6.5 hours to draft interrogatories, as well as Smith's itemization of two hours to review the complaint, on the basis that most of counsel's hours were spent on non-voting rights issues which have not yet been resolved.

Thus, the question presented is whether the court should reduce the amount of fees for time spent on both prevailing and non-prevailing claims. Where, as here, the successful and unsuccessful claims are related,[5] plaintiffs' hours may be reduced if their success was "limited." Hensley, 461 U.S.

---

[5] Such claims were related where they involve common facts or legal theories, or where much of counsel's time is "devoted generally to the litigation as a whole." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). The last category clearly includes this case.

at 440. In this case, plaintiffs have prevailed on their voting rights claim, but not on their two discrimination claims against the school district.

The Eighth Circuit has held that where plaintiffs have succeeded on some significant issues but not on others, a reduction of the fee award is appropriate. See Fast, 728 F. 2d at 1035 (reduction appropriate where plaintiff prevails as to request for declaratory judgment, but allowed only a post-termination hearing rather than reinstatement and pre-termination hearing); Craik v. Minnesota State University Bd., 738 F. 2d 348, 350 (8th Cir. 1984) (although plaintiffs prevailed on significant issues, reduction appropriate); see also Campaign For A Progressive Bronx v. Black, 631 F. Supp. 975, 982 (S.D. N.Y. 1986) (where plaintiffs prevailed on two claims "central to the lawsuit," but not on three less significant claims, award reduced by half).

As the voting rights claim is arguably as important as the two discrimination claims, the court will reduce the contested hours by 50 percent, so that Walker will be allowed four hours (instead of eight) for his complaint and 3.25 (instead of 6.5) for his interrogatories, and Smith will be awarded one hour (instead of two) for reviewing the complaint.

E. Duplication

Defendants argue that fees should be disallowed for the "duplicitious efforts" (DB 11) of Smith and Parker. The only

-10-

item which defendants specifically attack is the two attorneys' preparation for and appearance at the preliminary injunction hearing. Defendants argue that because Smith and Parker did not participate at the hearing, they should not be awarded fees for work related to the hearing.

"The claim of several attorneys for compensation for time spent on the same activity ... is not unreasonable per se, nor does it presumptively constitute overstaffing." M. Schwartz & J. Kirklin, § 17.4 at 420. A reduction in hours is warranted "only if the attorneys are unreasonably doing the same work." Jones v. Central Soya, Inc., 748 F. 2d 586, 594 (11th Cir. 1984). The burden of justifying such multiple representation lies on the plaintiff, and is more likely to be met in difficult or complex cases. M. Schwartz & J. Kirlin, § 17.4 at 421. Neither Smith nor Parker justify their presence at the hearing, and a one-day hearing is hardly so complex that it requires the presence of three attorneys for plaintiffs, especially where (as here) only one attorney appeared for defendants. Accordingly, the court will disallow the 13 hours spent by Parker, and the 12 hours spent by Smith, traveling to and appearing at the preliminary injunction hearing. The court will not, however, disallow the time spent by Parker and Smith in researching and preparing for the hearing, because such activities often require numerous attorneys.

-11-

F.  The Amount of Fees

Walker requests an hourly rate of $165.00 for his last 59.3 hours of work, and $412.50 (reflecting a 150% contingency-fee multiplier) for his first 103.2 hours.[6/]  Smith requests a $125.00 hourly fee, and Parker a $75.00 hourly fee.  Defendants contest Walker's contingency-fee multiplier, and also contest the hourly rates of Walker and Smith.  Thus, the court must decide (1) Walker's hourly rate, (2) Walker's multiplier, and (3) Smith's hourly rate.  Each issue will be addressed in turn.

1.  Walker's Hourly Rate

Walker requests a regular hourly rate of $165.00 per hour. As defendants note (DB 9-10) this hourly rate is virtually unprecedented in Arkansas case law.  On the other hand, Walker is arguably the state's most experienced civil rights lawyer, and cases involving other lawyers are therefore not on point.

In the most recent attorney's fee case involving Walker, Rogers v. Kelly, 866 F. 2d 997 (8th Cir. 1989), the Eighth Circuit affirmed an award of $3,375 for 25 hours, or $135.00 per hour.  Accordingly, the court will reduce Walker's proposed fee to $135.00 per hour.

---

[6/] The contingency fee multiplier does not apply to cases prior to October 3, 1988, at which time the parties agreed that new school board elections would occur.  At that point in time, "the case no longer remained as contingent for fee purposes." (Walker Aff. ¶ 21).

2. The Contingency Multiplier

The Supreme Court has recently addressed the question of whether "contingency fee multipliers" are permissible under fee-shifting statutes such as § 1988 and § 19831(e). In Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987), four justices held that such multipliers are impermissible, and four held that "adjustments for the risk of nonrecovery are appropriate in most circumstances." Id. at 741 (Blackmun, J. dissenting). Justice O'Connor's concurrence held that multipliers are appropriate only where such enhancements "are necessary to attract competent counsel in the relevant community." Id. at 734 (O'Connor, J. concurring), and that the district court must make "findings of fact concerning the degree to which contingency is rewarded in the relevant market." Id.

The Eighth Circuit's post-Delaware Valley cases have followed Justice O'Connor's opinion, holding that a fee applicant must "demonstrate that enhancement [is] necessary to attract competent local counsel in light of the risk of loss arising from the contingency fee arrangement." Catlett v. Missouri Highway & Transportation Comm'n., 828 F. 2d 1260, 1271 (8th Cir.), cert. denied, 108 S. Ct. 1574 (1988). By contrast, factors such as the desirability and difficulty of a case may not be considered. Gilbert v. City of Little Rock, Ark., 867 F. 2d 1063, 1067 (8th Cir. 1989). In this case, Walker's affidavit demonstrates

that fee enhancement is necessary to attract competent counsel. For instance, Walker notes that he has suffered "egregious economic consequences" (Walker Affid., ¶ 3) from losing class action discrimination cases. Plaintiffs' proposed 150% multiplier, however, is unjustified. Even before Delaware Valley, "multipliers of two, three, and four, have been granted only rarely in civil rights cases." M. Schwartz & J. Kirklin, § 20.4 at 527. The Eighth Circuit's only post-Delaware Valley decision granting a contingency multiplier, the Gilbert case, granted a 10% enhancement. Gilbert, 867 F. 2d at 1068. Accordingly, the court will give Walker a 10% enhancement, thus raising his hourly rate from $135.00 per hour to $148.50 per hour for time billed before October 3, 1989.

### 3. Smith's Hourly Rate

Simmons Smith requests a $125.00 hourly rate. Smith claims no special expertise in civil rights cases, and no reported case has awarded him attorney's fees. He has, however, been in practice for 12-1/2 years, since the fall of 1976. In Garrett v. Goodwin, 588 F. Supp. 825, 831 (E.D. Ark. 1984), John Bilheimer, an attorney who had been "involved in civil rights litigation since 1973", id. at 831 n.4, was allowed a fee of $80.00 per hour, while Larry Vaught, who had practiced since 1979, id. at 831 n.3, was allowed $75.00 per hour. The court finds that Smith's experience (12-1/2 years) is roughly equivalent to

-14-

Bilheimer's in 1984 (11 years). Thus, Smith's appropriate hourly rate is Bilheimer's rate, plus a cost-of-living adjustment. This calculation results in an hourly rate of $95.00 per hour.

G. Conclusion

In sum, the court will grant attorneys' fees as follows:

|  | Hours | Rate/hr. | Total |
|---|---|---|---|
| John Walker, Esq. (pre-Oct. 3, 1988) | 95.95 (reduced by 7.25 from original petition) | $148.50 | $14,248.57 |
| John Walker, Esq. (post-Oct. 3, 1988) | 59.3 | 135.00 | 8,005.50 |
| Simmons Smith, Esq. | 10.5 (reduced by 12) | 95.00 | 997.50 |
| David Parker, Esq. | 37.6 (reduced by 13) | 75.00 | 2,820.00 |
| Jackie Phillips (paralegal) | | | 495.00 |

June 16, 1989
Date

HON. MORRIS S. ARNOLD
UNITED STATES DISTRICT JUDGE