IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

88-4082

U. S. DISTRICT COURT
WESTERN DIST. ARKANSAS
FILED

AUG 05 1988

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

ROSIE L. DAVIS; JAMES C. ANDERSON
On Behalf of TOREZ ANDERSON; ANDREW
BISHOP On Behalf of CRYSTAL BISHOP;
CHARLES BRADLEY On Behalf of KEIL
BRADLEY; NANCY BRADFORD; SAMUEL
BRADFORD; DEBORAH CAPLE On Behalf
of TONYA CAPLE, FELCIA CAPLE AND
STEVEN CAPLE; ETTA CHEATHAM On
Behalf of ANGELA WILLIAMSON; GLENDA
CLARK; MARY COX On Behalf of WILBUR
COX; JOSEPHINE M. GREEN; SHIRLEY
DAVIS On Behalf of SHARNADA DAVIS
AND CORNELL DAVIS; SYLVESTER DAVIS,
JR. On Behalf of LAKEYSHIA DAVIS;
OLLA MAE DENNIS On Behalf of STEVE
JOHNSON; DORIS DONALDSON On
Behalf of RHONDA DONALDSON AND
KELLY MULDREW; SHIRLEY ENGLISH
On Behalf of LAYTONA WALTON AND
MONIQUE ENGLISH; ETHEL GARLAND
On Behalf of ALLEN GARLAND AND
ADRIEN GARLAND; SHIRLEY GODBOLT On
Behalf of O.G. JONES; DOROTHY
GRAY On Behalf of ANTHONY GRAY;
THORNTON GREEN, JR.; EARLENE
GULLEY On Behalf of RAY GENE
CONWAY; JANIS GULLEY On Behalf
of WILLIAM FRANKS; CLEYTUS HAMILTON;
WILLIAM HAYNES On Behalf of
RICHARD HAYNES; FRANCES HENDRIX;
NEVA HICKMAN On Behalf of LATRISH
PUGH AND TREMAIN HICKMAN; CHARLIE
B. JOHNSON; ETHEL JACKSON On
Behalf of STACY JACKSON AND KIM
JACKSON; DAVID JOHNSON On Behalf
of BRIAN JOHNSON AND NICOLE JOHNSON;
FRANCES JOHNSON On Behalf of J. D.
JOHNSON; J. B. JOHNSON On
Behalf of FRANCES JOHNSON; JOE
JOHNSON On Behalf of KIMBERLINE
SMITH; TOMMIE JOHNSON On Behalf
of STEVEN JOHNSON; STEPHANIE JONES
On Behalf of KEISHA JONES AND KOSHA
JONES; IRA LOVE; WILHELMIA LOWE On
Behalf of CEDENECIA HAWKINS; MARVIN
MALLORY On Behalf of OMELIA MALLORY;
ARTIS MARTIN On Behalf
of CRYSTAL MARTIN; HENRY L. MCKINNEY
On Behalf of CEDRIC MCKINNEY; GLORIA
MERRICK; BRENDA MORGAN On Behalf of

EXHIBIT 1

YASMIN MORGAN; KENNETH MULDREW On
Behalf of LATOYA MULDREW AND KENDRA
MULDREW; LARRY MULDREW On Behalf of
CORTNEY MULDREW; WILLIAM DARRELL
MULDREW On Behalf of LAKESHIA MULDREW;
DAISY PATTERSON On Behalf of SHEKIEYA
PATTERSON; BERTHA PHILLIPS On Behalf
of TASHAMBA PHILLIPS; CHARLES PHILLIPS
On Behalf of RALPHAEL PHILLIPS; JOYCE
OGDEN On Behalf of KENYATTA GULLEY;
RUTH PRIMUS On Behalf of CARLOS PRIMUS
AND KENNETH PRIMUS; JESSE L. RADFORD On
Behalf of JESSIE RADFORD, JR. AND PORCHIA
RADFORD; BRENDA RANDALL On Behalf of CEDRIC
RANDALL, GREG RANDALL AND GRADY RANDALL,
JR.; SHARON REYNOLDS On Behalf of
ARMOND REYNOLDS; OZELL RHODES On Behalf
of FASHIA RHODES; REV. T. J. ROBINSON
On Behalf of DANNALE ROBINSON AND TERESA
DIONNE ROBINSON; SHIRLEY ROSS On Behalf
of LESLIE ROSS, FLOYD ROSS AND LASHANA
JOHNSON; TILLMON G. ROSS On Behalf of
OMAHA PERKINS AND KAHARI PERKINS;
STELLA SCOGGINS; REONA SHARP On
Behalf of DIANN SHARP; BETH SHEARS
On Behalf of FELECIA SHEARS; MARY
SHEPHERD On Behalf of REGINALD
SHEPHERD; ALICE STRAUGHTER On Behalf
of MINESHA WASHINGTON; GEORGE STRAUGHTER;
EVERLENE STUART On Behalf of FELICIA
STUART; CYNTHIA TURNER On Behalf of
ANTHONY TURNER AND ROBBY TURNER, JR.
JOHNSON TURNER AND DOTTIE TURNER On
Behalf of JOHNNIE WILLIAMS, ANTONIO
TURNER AND LAMARIO TURNER; TERRIE TURNER
On Behalf of JONATHAN TURNER;
BOBBY TURRENTINE On Behalf of TEQUILA
REYNOLDS; DOROTHY WESLEY On Behalf of
YNESHIA STUART AND ALESHA WESLEY;
ROXIE A. WHITFIELD On Behalf of JAMES
LOVE, JR.; HENRY WILLIAMS On Behalf of
PAMELA WILLIAMS AND KRISTI WILLIAMS;
HERMAN WILLIAMS, JR. On Behalf of LAMONT
WILLAMS; RICHARD WILLIAMS On Behalf of
ALECIA WILLIAMS AND R.J. WILLIAMS;                              PLAINTIFFS

VS.                                NO. 88-4082

WILLIAM DALE FRANKS, Superintendent
of Schools of the Hope, Arkansas Public
School District No. 1A; THE BOARD OF
EDUCATION OF THE HOPE, ARKANSAS PUBLIC
SCHOOL DISTRICT NO. 1A; SCHOOL BOARD
MEMBERS of the Hope, Arkansas Public

School District No. 1A: RANDY WRIGHT,
President; JIM PEDIGO; DIXIE COFFEE;
BOB WILLIS; GLEN FORD; NEIL BARWICK;
ED DARLING; and BARRY JACKSON,                    DEFENDANTS

## COMPLAINT

1. Jurisdiction is pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1973(j), as amended, and 42 U.S.C. 2000(e) et. seq. Relief is sought pursuant to the 14th Amendment to the United States Constitution, 42 U.S.C. §§ 1973(Section b), 1983, and 2000(e) et. seq.

2. The plaintiffs are divided into three categories:

   A. Pupils who are represented by their guardian or next friends;

   B. Teachers; and

   C. Black adult citizens who would possibly seek election as school district board members were school elections conducted on a single-member district basis rather than the current at-large system.

All plaintiffs are citizens of the United States and residents of Hempstead County, Arkansas. The adult citizen plaintiffs are eligible to seek elective office. The teacher plaintiffs are presently employed by the Hope, Arkansas Public School District No. 1A. The pupil plaintiffs are eligible to attend and attend the public schools of Hope, Arkansas.

The plaintiffs bring this action in order to redress deprivation of civil rights and to secure relief as provided by law.

3. The defendants are: (1) the Board of Education of the Hope, Arkansas School District No. 1A; (2) William Dale Franks,

Superintendent of Schools of the Hope, Arkansas School District No. 1A; and (3) the school board members of the Hope, Arkansas Public School District 1A: Randy Wright, President; Jim Pedigo; Dixie Coffee; Bob Willis; Glen Ford; Neil Barwick; Ed Darling; and Barry Jackson. Each director was elected on the basis of a discriminatory electoral system. The defendants operate, manage and control all aspects of the public schools of Hope, Arkansas.

4. This is an action for a declaratory judgment under 28 U.S.C. § 2201 et. seq. that the defendants operate their public school system in a manner which discriminates against black students and staff due to their race or color, and in a manner which prevents black citizens from electing school board representatives of their own choice.

This is an action for an injunction against the defendants' continuation of racial discrimination in any and all of its school operations, including faculty assignments, student assignments and student treatment within the school system.

This is also a proceeding for preliminary and permanent injunctive relief against continued use of an at-large election system for school board positions in this district.

### COUNT A

5. The Hope, Arkansas Public School District No. 1A (hereafter referred to as the "district"), is a consolidated school district which includes the municipalities of Hope and Fulton, Arkansas and certain lands situated between those two communities. The district has a history of racial segregation. That history has not been remediated.

4

6. When the schools were purportedly desegregated in 1968 pursuant to directions from the United States Department of Health, Education and Welfare, the district substantially eroded black participation in school administration and in opportunities for effective participation in all school sponsored programs and activities. Since that time the school district has removed virtually all blacks from effective participation in the administration of the school system. For example, from a position before desegregation where blacks once held three principalships, there are none today. Moreover, black teaching and support staff has been diminished since the school system was purportedly desegregated.

7. Defendants have no objective, nondiscriminatory criteria for the recruitment, selection, placement, promotion, demotion, pay, preferred treatment, evaluation or termination of school teachers and administrators.

8. The district allows school principals and school administrators to use subjective, and often personal criteria in the recruitment, employment, and utilization of staff and in other aspects of the employment process. The criteria, which are capable of being used in a discriminatory fashion, are neither preannounced nor reduced to writing. These subjective criteria tend to have a discriminatory impact upon black applicants and potential applicants for employment as well as upon incumbent black staff members who are seeking advancement. These criteria further impact upon the educational opportunity afforded black children and otherwise contribute to the current racial

5

atmosphere in this school system.

9. On information and belief, the district employs approximately 14 administrators, twelve of whom are of the white race. The two black administrators, both vice principals, are relegated to subordinate positions and are themselves denied equal treatment, respect and equal terms and conditions of employment to that enjoyed by similarly situated white staff. Plaintiff Larry Muldrew is one of the two vice principals affected.

10. Black faculty members are treated differently from white faculty members insofar as opportunities for promotion within the school system are concerned. The plaintiffs who fit this description are Rosie Davis, Larry Muldrew, Jesse L. Radford, Nancy Bradford, Terrie Turner, Stella Scoggins, Cleytus Hamilton, Earlene Gulley, Frances Hendrix, Glenda Clark, Thornton Green, Jr., Josephine M. Green, George Straughter, Charlie B. Johnson, Marvin L. Mallory, Samuel L. Bradford, Ira Love, William Darrell Muldrew, and Gloria Merrick.

They constitute approximately one half of the district's black certified staff. As a consequence of past and present discriminatory practices, virtually all of the speciality positions in the district are now held by white teachers. Specialty positions include, inter alia, head coach of the athletic teams (except for basketball which is an all-black sport in Hope), agriculture and home economics teachers, department heads, band director, teachers of honors and gifted and talented classes, and department chairs. Black staff members are more likely to be assigned to remedial, special education, vocational

and physical education and regular classes in general subject matter areas. White staff are more likely to be assigned college track students. The discriminatory "tracking" system adversely affects both black staff and black students.

11. Plaintiffs Rosie Davis, Cleytus Hamilton, Larry Muldrew and Ira Love are eligible and otherwise qualified for positions as school principals. They have been consistently bypassed for the position of school principal in this school system. The most recent denial was in June of 1988. At that time the school board selected a white male as a principal over 3 black qualified applicants including two of the plaintiffs. Plaintiff Rose Davis has filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) regarding her denial and that of other blacks for that position. (See Exhibit A). She has requested her Right to Sue Letter under Title VII of the 1964 Civil Rights Act from the EEOC. An appropriate amendment will be filed upon receipt of the Right to Sue Letter from EEOC.

12. The defendants do not post notices of vacancies. They also engage in practices of word-of-mouth recruitment and pre-selection of employees for positions. The resulting consequence is that blacks and females are disadvantaged in their placement or consideration for placement while white staff members and white applicants for employment are favored.

## COUNT B

13. Students are assigned to classes on the basis of standardized test scores, faculty recommendations and past assignments. The result is a "tracking" system which operates to

7

segregate pupils in classes by both race and socio-economic status. Black students are disproportionately assigned to special education classes due both to race and socio-economic status. Black students are disproportionately assigned to vocational education and basic classes while white, middle-class students are disproportionately assigned to college track and gifted and talented courses. Minor plaintiffs have been injured psychologically and otherwise by the defendants' assignment policies, practices, customs and usages. The policies, practices, customs and usages have discriminatory impact and purpose.

14. Black children in this district, including several minor plaintiffs, have been and are being disproportionately suspended or expelled from school or punished while in school. Minor plaintiffs have been and are being adversely affected by the defendants' policies, practices, customs and usages in this respect.

15. The defendants have a reward system for student achievement. They operate this system on a basis which disproportionately favors white students, especially children of school administrators and school board members. The other white students favored are usually of middle to upper socio-economic status.

16. The school system limits certain school programs to students of the white race. Some programs are operated by the district in a way which favors white pupils on a disparate basis. These include cheerleaders, golf and tennis teams, the Honor Society, Beta clubs, Governor's School referrals and assignments,

Boy's State referrals and assignments and Girl's State referrals and assignments. Again, these assignments favor children of the well-to-do.

17. The defendants, in conjunction with the Hope Country Club, either operate certain school activities, or condone the operation of certain school activities at said Hope Country Club. On information and belief, several school board members and school administrators are members of said club. Such school sponsored or supported activities have a tendency to limit or deny admission or access to black students on the same basis as white students. Such policies, practices, customs and usages also have a tendency to inflict irreparable psychological harm upon black students, staff and citizens of the community. All of black plaintiffs herein have been and stand to be injured by the continued discriminatory practices and the racial environment which exists in the district.

## COUNT C

18. Black citizens have sought election to the Hope School Board on many occasions. No black person has ever been elected to the school board except on one occasion. On that occasion, about 15 years ago, James Davis, a black citizen of Hope, was first appointed to the school board by the all white school board. Thereafter, with the blessings or forbearance of the white community, Davis ran as an unopposed candidate. He served one elected term of office. Since that time, at least five black citizens have been candidates for the Hope School Board. They are Willie Buck, Edward Lee Smith, Bennie Kingsby, Mrs. Jewel Cochran

and Cecil Flenory. All have lost, after facing white opponents, although they received substantial, majority support from black voters. Their votes, however, were diluted due to the at-large electoral scheme.

In this system, where blacks represent approximately 43% of the voting age population, there is racial polarization of voters which operates to effectively deny black plaintiffs and citizens of the Hope, Arkansas Public School District the opportunity to select representatives of their own choice. As a consequence, black voters are effectively disenfranchised from participating in the political process regarding election of school board members in violation of Section Two of the Voting Rights Act as Amended. Plaintiffs pray for a preliminary injunction enjoining the district from holding any further school elections on an at-large basis and requiring the district to effectively redistrict so as to allow for the election of representatives by black voters of school directors of their choice.

## CONCLUSION

19. The plaintiffs have no effective remedy for redress of their forestated grievances except this action. Any other relief will be so costly and uncertain as to effectively deny relief. The rights being asserted under the United States Constitution and federal laws are well defined and well known to the defendants. However, the defendants ignore the law without regard to the impact or other effect their treatment has upon the black staff, students and citizens of Hope. The refusal of defendants to allow

10

elections on other than an at-large basis is also intentional.

WHEREFORE, plaintiffs pray as follows:

1. that they be afforded a preliminary injunction prior to the next school election now set for September 9, 1988 which enjoins the school board from conducting a school election on an at-large basis in violation of 42 U.S.C. § 1973, as amended, and which requires the creation of eight single member districts, at least (3) of which should be constituted, based on population and geographic contiguity, as being majority black.

2. a permanent injunction enjoining defendants from continuing, establishing, maintaining or condoning any and all vestiges or forms of racial discrimination with respect to students and staff.

3. an injunction enjoining the defendants from continuing any assocation with the Hope Country Club and/or any other agency which limits or conditions acceptance thereto on the basis of race or socio-economic status.

4. a declaratory judgment with appropriate injunctive force that defendants have created and maintain a discriminatory school enviroment against the minor plaintiffs with respect to staff recruitment, selection, promotional assignments, pay, other privileges and rights of employment and in terms and conditions of employment, student treatment and student rights and privileges.

Finally, plaintiffs pray for their costs including reasonable counsel fees and such other, further, additional or alternative relief as may be required by law or which may be provided by the discretion of the Court.

Respectfully submitted,

*John W. Walker*
John W. Walker
John W. Walker, P.A.
1723 Broadway
Little Rock, AR 72206
(501) 374-3758

*Samuel Hamilton*
Samuel Hamilton
14 Hilltop Dr.
Silver Springs, MD 20910
(301) 589-3000

*Simmons Smith*
Simmons Smith
2420 S. Broadway
Little Rock, AR 72206
(501) 375-3993

Of Counsel:
*David E. Parker, Jr.*
David E. Parker, Jr.
Attorney at Law
1401 Alabama Street
Pine Bluff, AR 71601

12

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER
- [ ] FEPA
- [X] EEOC  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

_____ and EEOC
(State or local Agency, if any)

**NAME** (Indicate Mr., Ms., or Mrs.)
Mrs. Rose Davis

**HOME TELEPHONE NO.** (Include Area Code)
(501) 777-5224

**STREET ADDRESS**
P. O. Box 235

**CITY, STATE AND ZIP CODE**
Hope, AR 71801

**COUNTY**
Hempstead

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one list below.)

**NAME**
Hope Public School District

**NO. OF EMPLOYEES/MEMBERS**
15+

**TELEPHONE NUMBER** (Include Area Code)
(501) 777-5773

**STREET ADDRESS**
117 East 2nd Street

**CITY, STATE AND ZIP CODE**
Hope, AR 71801

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))
- [X] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [ ] AGE
- [ ] RETALIATION
- [ ] OTHER (Specify)

**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE** (Month, day, year) 06-13-88

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s)):

I was hired in September 1984 as an Elementary Teacher at Hope, Arkansas. On June 13, 1988 I was denied a promotion to the position of Elementary Principal.

I believe that I was discriminated against because of my race, Black in that the position was given to a White co-worker who was less qualified.

I believe that Blacks are discriminated against as a class in that there are only five Black Elementary Teachers and no Black employees in Administration.

RECEIVED JUN 24 1988 EEOC Little Rock Area Office

- [ ] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 6/24/88
Rosie L. Davis
Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 MAR 84    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY