IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROSIE L. DAVIS, *et al.*                                                                    PLAINTIFFS

v.                                    Case No. 4:88-cv-4082

WILLIAM DALE FRANKS, *et al.*                                                               DEFENDANTS

# ORDER

Before the Court is the Motion for Approval of Magnet School Program filed by the Hope School District Defendants. ECF No. 201. Plaintiffs filed a Motion for Extension of Time on September 2, 2022. ECF No. 203. On September 9, 2022, the parties filed a Joint Motion for Approval of Agreed Order Regarding HSD's Magnet School Program. The Court finds the matter ripe for consideration.

Based on the motion and supporting brief of Defendants (ECF Nos. 201, 202), the motion for extension filed by Plaintiffs (ECF No. 203), the motion for approval submitted jointly by both parties (ECF No. 204), and other matters properly before the Court, the Court finds and concludes as follows:

## FINDINGS OF FACT

1.      Hope School District ("HSD") is a public school district operating in Hempstead County, Arkansas. Its 2021-2022 total enrollment was 2,201 students. The 2021-2022 enrollment was comprised of 971 Black students (44%) and 1,230 non-black students (56%).

2.      HSD has been and is subject to this Court's supervision pursuant to the consent decree entered in this case on January 8, 1990 ("1990 Consent Decree") and other orders and decrees entered in this case in the ensuing years.

3.  On April 18, 2022, HSD's Board of Directors ("Board") authorized the HSD Superintendent, Dr. Jonathan Crossley, to begin the process of applying for grant funding through the United States Department of Education's Magnet School Assistance Program ("MSAP") for the purpose of creating magnet programs within its schools.

4.  HSD's motion states that HSD's intention in implementing a magnet school program is "to provide educational opportunities for the approximately 2,200 kindergarten through twelfth grade students in Hope, Arkansas, and to bring back students from the private, parochial, and nearby rural public schools in spite of budgetary constraints." ECF No. 201, ¶ 2.

5.  HSD's motion further describes the objectives of the magnet school program as follows:

> (a) reducing and preventing minority group isolation among Black/African American and/or Hispanic students in the proposed magnet schools;
>
> (b) ensuring that all students attending the magnet schools meet challenging academic standards and are on track to be college- and career-ready;
>
> (c) ensuring that all students attending the magnet schools benefit from the magnet's educational offerings and have equal opportunities to gain magnet theme-specific value-added skills and knowledge; and
>
> (d) building the capacity within the magnet schools to provide rigorous, theme- and evidence-based instructional programs that will help promote choice and diversity in HSD.

ECF No. 201, ¶ 3.

6.  HSD desires approval of this magnet program by this Court in order to qualify for federal grant funding.

7. Plaintiffs have indicated that they do not object to HSD's establishment of a magnet program, so long as they are able to monitor HSD's implementation of the program for a certain period of time.

## CONCLUSIONS OF LAW

8. The Court retains continuing jurisdiction and supervision pursuant to the 1990 Consent Decree.

9. HSD has not yet been declared unitary, and HSD therefore remains subject to the provisions of the 1990 Consent Decree.

10. The Court has considered the Motion for Approval of Magnet School Program. ECF No. 201. Based on Defendants' motion, the motion for extension filed by Plaintiffs, and the motion for approval submitted jointly by both parties, the Court finds that the Motion is consistent with the Court's previous orders. The Court further finds that the motion should be and hereby is GRANTED.

11. HSD is hereby authorized to proceed with its application for grant funding through the United States Department of Education's Office of Civil Rights ("OCR"), to implement the magnet program if grant funding is awarded, and to take all other actions necessary, reasonable, and appropriate to achieve those objectives.

12. HSD is directed to implement its magnet school program as outlined in the motion, specifically:

   (a) Beginning with the 2023-2024 school year, HSD will organize its five schools serving grades K-12 as magnet schools with the following themes:

| School | Theme |
|---|---|
| Clinton Primary Elementary School | STEAM |
| Beryl Henry Elementary School | Arts |
| Yerger Middle School | STEM |
| Hope Academy of Public Service | Public Service and Media Literacy |
| Hope High School | STEAM, Public Service, and Media Literacy |

(b) Each student will be allowed to designate the order of his or her preference of particular magnet schools, and thus their academic focus. All elementary students will continue to attend Clinton Primary Elementary School for grades K-4, and all high school students will attend Hope High School for grades 9-12. HSD will use a random lottery process to select students for the two middle school pathways, Beryl Henry (grades 5-6) and Yerger Middle School (grades 7-8) and Hope Academy of Public Service (grades 5-8), which will take into account the capacity of the school and thematic strand, sibling preference, rank order of choice, and mother's level of education. At the elementary and high school level, the lottery process will take into account the capacity of the school, sibling preference, and mother's level of education.

13. HSD is further directed to implement the magnet program in a manner that complies with the 1990 Consent Decree, specifically in that no student will be discriminated based upon race, and assignments will be made by lottery, in a "desegregated and integrated in fact" manner, not by "tracking" or "ability grouping." See 1990 Consent Decree, ¶¶ 3, 13.

14. HSD is directed to publish the admissions criteria for its magnet programs in clear language on the HSD website and in a local newspaper at least two weeks prior to the application deadline for school years 2023-24, 2024-25, and 2025-26.

15. In order to monitor HSD's compliance with this Order, HSD is directed to submit periodic reports to Plaintiffs' counsel regarding its implementation of the magnet program. HSD shall submit these reports each year for three years, on July 15, 2023, July 15, 2024, and July 2025.

16. HSD's annual reports should include the following:

    (a) a description of the progress of the magnet program in reducing racial isolation of Black students in each of its schools and the Hope Collegiate Academy.

    (b) a breakdown by race and gender of the students in each magnet program in each school.

    (c) a breakdown of the number of applications and admissions rates of students by race and gender.

    (d) for students admitted to the magnet program after transferring to HSD from a non-HSD school, the report should list the previous school attended by each student.

17. Plaintiffs are represented by Shawn Childs, and all reports referenced herein will be provided to him via e-mail from either the HSD Superintendent or counsel for HSD.

18. HSD is directed to provide to Mr. Childs by October 15 and February 15 of each year a breakdown of the number of applications and admissions rates of students by race and gender for each magnet program for the prior semester, with the first application and admission report being due February 15, 2024 (summarizing Fall 2023 data) and the last application and admission report being due October 15, 2026 (summarizing Spring 2026 data).

19. HSD is further directed to compensate Mr. Childs for his monitoring of HSD's implementation of the magnet program at a rate of $275.00 per hour. Mr. Childs will submit

detailed billing statements to HSD, which shall contain a reasonable description of the task performed and the time spent in increments of one-tenth of an hour. If Mr. Childs's monitoring fees exceed 50 hours ($13,750.00) per school year, HSD and the Plaintiffs agree to first attempt to resolve any disagreements regarding monitoring fees in excess of 50 hours without court involvement. However, if HSD and the Plaintiffs cannot reach agreement regarding excess fees, the Plaintiff may file a motion for attorneys' fees with the Court.

20. The Court will maintain continuing jurisdiction over this matter until it finds that HSD should be fully released from Court supervision.

**IT IS SO ORDERED**, this 13th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge