IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**ROSIE L. DAVIS,** *et al.*             **PLAINTIFFS**

**v.**             **No. 4:88-cv-4082**

**WILLIAM DALE FRANKS,** *et al.*             **DEFENDANTS**

# PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO THE ARKANSAS DEPARTMENT OF EDUCATION AND BOARD OF EDUCATION'S MOTION TO INTERVENE

## I. Introduction

On April 7, 2023, the Arkansas Department of Education and the Board of Education ("Arkansas") filed a Motion to Intervene and Declare Hope School District Unitary. *Doc. 211*. On April 12, 2023, the Court entered an order establishing April 26, 2023, as the deadline for any party to respond to the motion to intervene only. *Doc. 214*. For the reasons stated below, the Court should deny Arkansas' motion to intervene.

## II. Argument

    A. <u>Requirements to intervene in a case or controversy</u>

Arkansas seeks to intervene in this case under Fed. R. Civ. Pro. 24(a)(2). This rule provides:

> (a) – INTERVENTION OF RIGHT – On timely motion, the court must permit anyone to intervene who:
> …..

1

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. Pro. 24(a)(2). Furthermore, Fed. R. Civ. Pro. 24(c) requires notice of intervention upon the parties and the contemporaneous filing of a pleading "that sets out the claim or defense for which intervention is sought."

According to Eighth Circuit precedent, there is an additional requirement for a motion to intervene to be successful. The moving party must establish Article III standing as explained below:

> In our circuit, a party seeking to intervene must establish Article III standing in addition to the requirements of Rule 24. *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996). To demonstrate standing, a plaintiff must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.' *Curry v. Regents of the Univ. of Minn.* 167 F.3d 420, 422 (8th Cir. 1999). The purpose of the imminence requirement is 'to ensure that the allege injury is not too speculative . . . [and] that the injury is certainly impending.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n. 2, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotation omitted). The plaintiff must also show that the alleged injury is fairly traceable to the defendant's conduct and that a favorable decision will likely redress the injury. Id. at 560-61, 112. S. Ct. 2130.

*United States, et al. v. Metropolitan St. Louis Sewer District, et al.*, 569 F.3d 829, 833-834 (8th Cir. 2009).

The Article III standing requirement applies even when an intervenor seeks to stand in the shoes of a defendant rather than a plaintiff in a case. In *Sierra Club v, Entergy Arkansas LLC*, 503 F. Supp. 3d 821 (E.D. Ark. 2020), the court held that organizations attempting to intervene on behalf of a defendant must establish Article III standing. In this case, the State of Arkansas, by and through the Attorney General's Consumer Utility Rate Advocacy Division (CURAD), moved to intervene in a lawsuit brought by environmental organizations against the utility

2

company Entergy to enforce the Clean Air Act (CAA).  CURAD asserted an economic interest in preventing unnecessary rate increases on behalf of Arkansas consumers.  *Sierra Club*, 503 F. Supp. 3d at 831-32. Before addressing the merits of CURAD's request for intervention under Fed. R. Civ. Pro. 24, the court examined the issue of whether CURAD had to establish Article III standing.  The answer was in the affirmative. *Id.* at 851-52. The district court further found that (1) the asserted economic interest was too speculative, (2) there was a lack of traceability based upon alleged economic injuries, and (3) the court could not redress these economic injuries. *Id.* at 854-60. Because CURAD failed to show that it had Article III standing, the court declined to address whether it had met the requirements of Fed. R .Civ. Pro. 24. *Id.* at 862.

      B.      <u>Arkansas failed to comply with Fed. R. Civ. Pro. 24(c)</u>

Arkansas' motion to intervene should be denied because the State failed to comply with Fed. R. Civ. Pro. 24(c).  The motion to intervene was not accompanied by a pleading setting out claims or defenses. Although Arkansas argues the basis for its right to intervene in its supporting brief, a brief is not a pleading.  *See Fed. R. Civ. Pro. 7(a)*. This omission is sufficient for the Court to deny the motion to intervene.

      C.      <u>Arkansas cannot show that the State has Article III standing to intervene</u>

Arkansas cannot establish that it has Article III standing to intervene on behalf of the defendant Hope School District ("Hope") because the alleged injury-in-fact is too speculative.  According to Arkansas, its legally protectable interest flows from Ark. Code Ann. § 6-11-105(a)(1), which grants the State of Arkansas "general supervision" over the school districts within the state and the Rules Governing Standards for Accreditation of Arkansas Public Schools and School Districts, Standard 3-A.10 (2020).  The state law giving the state "general supervision" over schools is not "particularized" enough to

3

establish an injury-from-fact in this case. The State's reliance upon the accreditation regulations is premature. According to the quarterly report dated December 15, 2022, Hope anticipated that it would request partial unitary status in "early 2023." *Doc. 211-2, at 3*. Arkansas filed this motion on April 7, 2023. Arkansas alleges that Hope "declined" to move for a declaration of unitary status. The letter dated December 15, 2022, directly contradicts this allegation. Standard 3-A.12 gives Arkansas a legal avenue for enforcing its alleged interest (i.e., placing HSD on probation) that it has yet to pursue. In addition, Arkansas waited more than 33 years to attempt to intervene tend court supervision. The first Consent Decree was entered in 1990. *Doc. 38*. The agency cannot rely upon *United States v. Junction City Sch. Dist.*, 14 F.4th 658, 666 (8th Cir. 2021) as a reason for its newly-found urgency because this panel of the Eighth Circuit made a recommendation rather than issuing a mandate to this Court. In sum, Arkansas has not alleged facts showing an injury to a legally protected interest that is "concrete, particularized, and either actual or imminent." *Curry, Id.* Because the injury is too speculative, there is no need to address the factors of traceability or redressability.

        D.      <u>Arkansas fails to meet the requirements of Fed. R. Civ. Pro. 24(a)(2)</u>

Because Arkansas cannot establish Article III standing, the Court should not even consider the merits of its arguments under Fed. R. Civ. Pro. 24(a)(2). *Sierra Club*, 503 F. Supp. 3d at 862. Regardless, the agency cannot satisfy this rule for the same reasons Arkansas fails to meet the requirements for Article III standing. The asserted interest in this case is too generalized. In addition, Arkansas cannot show that it would have inadequate representation because the agency submitted a quarterly report from Hope in which Hope does not "decline" to pursue any kind of unitary status. If Hope does seek

unitary status in the future, any basis for an argument of inadequate representation would disappear entirely. Therefore, an order granting Arkansas's motion to intervene would be improvidently granted.

### III. Conclusion

For the reasons stated above, the Court should deny Arkansas' motion to intervene in this case.

                                  Respectfully submitted,

                                  WALKER & CHILDS, PLLC
1815 S. State Street
Little Rock, Arkansas 72206
501-287-8680 (Telephone)
501-222-8872 (Facsimile)
Email: schilds@walkerandchilds.com

                                    Shawn G. Childs
Shawn G. Childs, Bar No. 99058


ATTORNEY FOR PLAINTIFFS