# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

**ROSIE L. DAVIS**, *et al.*

           **PLAINTIFFS**

v.    No. 4:88-cv-4082

**WILLIAM DALE FRANKS**, *et al.*    **DEFENDANTS**

### REPLY IN SUPPORT OF MOTION TO INTERVENE AND DECLARE HOPE SCHOOL DISTRICT UNITARY

Five years ago, the Hope School District asked this Court to exempt it from school choice. Doc. 99. Noting their "general" responsibility to "supervis[e] . . . the State's public schools," the Department of Education and Board of Education intervened, Doc. 142 at 1—to no protest by the District or purported plaintiffs. *See* Docs. 146, 147. Apparently, things have changed. But neither the District nor purported plaintiffs give a good reason for opposing intervention now.[1]

*1. The State's federalism interests.* The State has an obvious federalism interest in not having its education policy subject to federal court supervision. That's why the State intervened in this case previously, and it's equally true now. Indeed, the only difference between now and five years ago is that Hope is no longer trying to use its federal-court supervision to avoid complying with Arkansas's school-choice law. Unsurprisingly then, the District now suggests that the State's interest is limited to school-choice participation. So long as Hope participates, it says, the State can't challenge its ongoing federal supervision because its consent decree doesn't conflict with any state policy. Doc. 220 at 5-6. But that's incorrect. "[I]nstitutional reform

---

[1] The purported plaintiffs say that the State failed to file a "pleading setting out claims or defenses." Doc. 217 at 3. But the State filed a motion and brief—precisely what it did when it intervened five years ago. *See* Doc. 149; *cf.* Fed. R. Civ. P. 12(b) (allowing parties to file motions rather than responsive pleadings). Purported plaintiffs apparently want the State to file a new complaint or answer, but it's unclear how the State would answer a three-decades-old, settled complaint—especially when that isn't what the State is litigating about.

1

[orders]" inherently pose "sensitive federalism concerns" by involving federal courts in a policymaking sphere otherwise reserved entirely to the States. *Horne v. Flores*, 557 U.S. 433, 448 (2009). For instance, Hope's 1990 consent decree invokes federal-court supervision over salaries, hiring practices, and disciplinary policies, *see* Doc 38—all of which are also governed by state law. *See, e.g.*, Ark. Code Ann. 6-17-2403 (salaries); *id.* 6-17-1903 (hiring practices); *id.* 6-18-507, -511, -516 (discipline). Involving federal courts in these and other decisions gives the State a concrete interest.

Resisting that conclusion, the District claims that the State Intervenors here—the Department of Education and Board of Education—"do not make education policy for the State of Arkansas" and thus have no interest in that education policy. Doc. 220 at 5. That argument comes as a surprise to the Department and Board. The Board (which is supervised by the Department, Ark. Code Ann. 25-43-502) exercises "general supervision of the public schools in the state," including by "[r]ecommending courses of study," "[i]ssuing [teaching] licenses," "accrediting . . . public schools," and "assum[ing] all authority" over failing or unaccredited school districts. *Id.* 6-11-105(a)(1)-(4), (11)(A). And the General Assembly has delegated to the Board the authority to draft a "provision" tying accreditation to "the attainment of unitary status." *Id*. 6-15-202(a)(2). Indeed, it is a Department of Education rule that requires Hope to "submit written quarterly reports . . . detailing the district's outstanding desegregation obligations and . . . efforts toward obtaining full unitary status." Rules Governing Standards for Accreditation of Arkansas's Public Schools and School Districts, Standard 3-A.10.1 (2022). Hope's argument is apparently that the General Assembly makes policy for the State, not administrative agencies. Setting aside that hair splitting, the General Assembly has empowered the Department and the Board to, at a minimum, *implement* the State's education policy, and that's sufficient to defend the State's interests in federal court.

One would be hard-pressed to identify parties with more concrete interests in Arkansas's education policy and districts' unitary status than the Department of Education and State Board.[2]

*2. The State's inadequate representation.*  Finally, Hope claims that any State interests are adequately represented by the District; it promises that it plans to move for unitary status in the future.  Doc. 220 at 2-3, 7.  But the history of this litigation—indeed the very fact that it is opposing the State's motion—belies that contention.  Five years ago, Hope tried to use the 1990 consent decree to avoid participating in school choice; it only abandoned that scheme after losing on appeal.  And after the Eighth Circuit encouraged termination, Hope dragged its feet.  More than a year and a half after that decision, Hope still has not sought termination.  Rather, Hope sought and received an expansion of its consent decree, without giving the State advance notice.  (Hope excuses that omission by noting that the State's counsel received a cm/ECF notification and could have filed a brief in the "three-week period between the date the motion was filed and the Court's [order]."  Doc. 220 at 4.  Of course, that's approximately half the time Hope apparently needed to reply to the State's motion to intervene.  Doc. 215.)

Hope now says that it "anticipates filing a motion for partial summary judgment sometime this summer," Doc. 220 at 7, but that promise rings false.[3]  Indeed, Hope's brief here belies that contention.  If Hope were interested in seeking termination, it could have joined (or at least declined to fight) the State's motion—as it did when the State moved to intervene five years ago.  That acquiescence would have spared "counsel" from any work "[d]ue to the agencies' filings,"

---

[2] Underscoring that it has no basis for opposing the State's motion, Hope spends much of its brief attacking a strawman.  Indeed, it spends two whole pages rehashing arguments from its brief in the related Camden-Fairview case about *Pennsylvania v. Porter*, 659 F.2d 306 (3d Cir. 1981), and the State's interests in "preventing violations of . . . constitutional rights."  Doc. 220 at 8-10.  But Hope's consent decree, unlike Camden-Fairview's, does not explicitly discriminate based on race, so *Pennsylvania v. Porter* and Hope's arguments here are irrelevant.

[3] It is unclear whether, by seeking "summary judgment," Hope intends to request partial unitary status, partial termination of its consent decree, or some other relief.

3

*id.* at 3, and the District would have had the State's resources on hand when it sought termination. Indeed, for all Hope's claims that "it is better positioned to present evidence of its unitary status" than the State is, *id.*, that's not an either-or option. Hope is certainly free to present its evidence in support of the State's motion for unitary status or file its own motion; the State would welcome either. But as long as Hope continues to fight its efforts on termination, the State can't rely on Hope's empty reassurances.

      *3. Purported plaintiffs do not have standing.* If any individual no longer belongs in this case, it's purported plaintiffs' counsel. The original plaintiffs were "[p]upils," and "[t]eachers" in the Hope School District. Doc. 1 ¶ 1. ("Black adult citizens who would possibly seek election as school district board members" also sued, *id.*, but election-related issues were settled separately. *See* Doc. 13.) Thirty-five years later, those pupils have long graduated, and the teachers are well past retirement age. They no longer have an obvious interest in the District's federal supervision. And purported plaintiffs' counsel has not identified new plaintiffs in his pleadings. *See* Doc. 217.

      That's fatal for the continued participation of plaintiffs' counsel in this case. The party invoking the Court's jurisdiction must demonstrate an injury at every stage of the proceeding. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The plaintiffs here are no longer plaintiffs. They would not have standing to ask this Court to enforce the consent decree, and they have no reason to ask the Court to keep it in place. (And they certainly didn't have standing to support expanding the consent decree or oppose Hope's magnet program, as Hope claims to have feared. *See* Doc. 220 at 4.) Thus, their filings should be stricken.

*     *     *     *     *

      Hope's consent decrees involve federal courts in education policymaking, which directly implicates the State's interests. And Hope has evinced no willingness to terminate those decrees;

4

if anything, its litigation strategy here points in the other direction. Thus, this Court should let the State intervene and seek termination.

Dated: January 29, 2024, 2023

                                      Respectfully Submitted,

                                      TIM GRIFFIN
                                      Arkansas Attorney General

                                      */s/ Dylan L. Jacobs*
                                      NICHOLAS J. BRONNI (Ark. Bar No. 2016097)
                                        Arkansas Solicitor General
                                      DYLAN L. JACOBS (Ark. Bar No. 2016167)
                                        Deputy Solicitor General
                                      OFFICE OF THE ARKANSAS
                                       ATTORNEY GENERAL
                                      323 Center Street, Suite 200
                                      Little Rock, AR 72201
                                      Phone: (501) 682-3661
                                      Fax: (501) 682-2591
                                      Email: Nicholas.Bronni@arkansasag.gov
                                                     Dylan.Jacobs@arkansasag.gov


                                      *Attorneys for Intervenors*